■ JAMES VODOLA, Respondent, v WILLIAM LAMBERT et al., Defendants, and RUBY LAMBERT, Appellant.—In an action to recover possession of a certain improved parcel of real property, defendant Ruby Lambert appeals (1) from a judgment of the Supreme Court, Putnam County (Ruskin, J.), dated August 13, 1984, which, *inter alia,* ordered that plaintiff be put in full possession of the property, and (2) from so much of an order of the same court, dated October 23, 1984, as denied her motion to vacate the judgment.

Order reversed, insofar as appealed from, on the law and the facts and as a matter of discretion, motion granted, judgment vacated, and a new trial granted. The new trial shall be before a different Judge.

Appeal from the judgment dismissed as academic in view of our disposition of the appeal from the order.

Appellant is awarded one bill of costs.

The trial court erred in denying defendant Ruby Lambert's motion to vacate the judgment *(see,* CPLR 5015 [a] [2], [3]). The material evidence submitted in support of the motion consisted, *inter alia,* of an affidavit by defendant Ruby Lambert's husband and the plaintiff's Grand Jury testimony in a criminal action in which his father was convicted of "unlawfully, wilfully & knowingly making extortionate extensions of credit, using and implicating use of threats to collect said extensions

of credit and conspiring to do so". The affidavit of Ruby Lambert's husband indicated that the conveyance of the subject property to plaintiff was made in consideration of gambling and loan-sharking debts that he owed to plaintiff's father, and thereby set forth a sufficient challenge to plaintiff's claim of entitlement to the property that a new trial is appropriate (General Obligations Law §§ 5-413, 5-511). Also, plaintiff's Grand Jury testimony contained statements which were materially inconsistent with his trial testimony. Thus, while at trial plaintiff denied ever being present during a conversation between his father and Mr. Lambert at which title to the subject property was discussed, denied knowing that Lambert was a gambler and testified that he only discussed title to the subject property "in passing" with his father, during the Grand Jury proceedings plaintiff testified that his father told him to take title to the property because that was the only way that he (plaintiff's father) would get back the money Lambert owed him, and he acknowledged knowing that Lambert was a gambler. That testimony indicates that during trial plaintiff attempted to downplay the role of his father in the conveyance of the subject property to him, while during the course of Grand Jury proceedings, he acknowledged that he took title to the property at his father's direction in payment of money Lambert owed the father. Although motions of this type are addressed to the sound discretion of the trial court (see, Matter of Cristo, 92 AD2d 691), on the record before us we conclude that such discretion was improvidently exercised and that in the interest of justice a new trial is required. Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.